**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FEDERAL TRADE COMMISSION,

                Plaintiff,

       v.

HENKEL AG & CO. KGAA,

HENKEL OF AMERICA, INC.,

HENKEL US OPERATIONS CORP.,

AIP, LLC d/b/a AMERICAN INDUSTRIAL
PARTNERS,

A-PAINT HOLDING LP,

     and

A-PAINT TOPCO, INC.,

                Defendants.

Case No. 1:25-cv-10371-KPF

---

## STIPULATED PROTECTIVE ORDER

Plaintiff Federal Trade Commission ("FTC" or "Commission") and the Defendants that

have waived service in this matter, Henkel of America, Inc. and Henkel US Operations Corp.

(collectively, "Henkel") and AIP, LLC, A-Paint Holding LP, and A-Paint Topco, Inc.

(collectively, "A-Paint"), by and through their respective counsel, have stipulated, pursuant to

Federal Rule of Civil Procedure 26(c), to the terms of this Stipulated Protective Order.[1]

Discovery in this action may yield documents and information of a sensitive and confidential

nature, including business, commercial, financial, and trade secret information. The Court finds

---

[1] If Henkel AG & Co. KGaA appears in this matter, it will be subject to this Stipulated Protective Order.

that good cause exists for entry of a protective order in this action (the "Litigation") to prevent unauthorized disclosure and use of such sensitive and confidential material during and after the course of the Litigation.

**IT IS HEREBY ORDERED THAT** this Stipulated Protective Order shall govern the handling of all Confidential Material, as hereafter defined.

1.      As used in this Order, "Confidential Material" shall refer to any Document or portion thereof that contains competitively sensitive information, sensitive personal information, or information protected from disclosure. "Sensitive Personal Information" shall refer to, but shall not be limited to, an individual's Social Security number, taxpayer identification number, financial account number, credit card or debit card number, driver's license number, state-issued identification number, passport number, date of birth (other than year), and, for Documents collected from custodians based in Europe, information protected by the European Union's General Data Protection Regulation, and any sensitive health information identifiable by individual, such as an individual's medical records. "Document" shall refer to any discoverable writing, recording, transcript of oral testimony, or electronically stored information in the possession of a Party or nonparty. "Parties" shall refer to the Defendants and the Plaintiff.

2.      Any Document or portion thereof submitted by a Defendant or a nonparty that is entitled to confidentiality under the Federal Trade Commission Act, or any federal or state statute or regulation, or under any federal court precedent interpreting such statute or regulation, as well as any information taken from any portion of such Document or information that discloses the substance of the contents of any Confidential Material derived from a Document subject to this Protective Order, shall be treated as Confidential Material for purposes of this Protective Order. The identity of a nonparty, including the identity of a nonparty's employer,

2

submitting such Confidential Material shall also be treated as Confidential Material for the purposes of this Protective Order where the submitter has requested such confidential treatment.

3.      The Parties and any nonparties, in complying with informal discovery requests, disclosure requirements, discovery demands, or subpoenas in this Litigation, may designate any responsive Document or portion thereof as Confidential Material, including Documents obtained by them from nonparties pursuant to discovery or as otherwise obtained.

4.      The Parties, in conducting discovery from nonparties, shall provide to each nonparty a copy of this Stipulated Protective Order so as to inform each such nonparty of their rights herein.

5.      A designation of confidentiality shall constitute a representation in good faith and after careful determination that the material is not reasonably believed to be already in the public domain and that counsel believes the material so designated constitutes Confidential Material as defined in Paragraph 1 of this Order.

6.      Material may be designated as Confidential Material by placing on or affixing to the Document containing such material (in such manner as will not interfere with the legibility thereof), or if an entire folder or box of Documents is confidential by placing on or affixing to that folder or box, the designation "CONFIDENTIAL – FTC v. HENKEL/A-Paint, Case No. 1:25-cv-10371-KPF", or any other appropriate notice that identifies this Litigation, together with an indication of the portion or portions of the Document considered to be Confidential Material. Confidential Material contained in electronic Documents may also be designated as confidential by placing the designation "CONFIDENTIAL – FTC v. HENKEL/A-Paint, Case No. 1:25-cv-10371-KPF", or any other appropriate notice that identifies this Litigation, in the Document metadata, image file, or through another mechanism that clearly identifies the Document as

confidential. Masked or otherwise redacted copies of Documents may be produced where the portions masked or redacted contain privileged matter, provided that the copy produced shall indicate at the appropriate point that portions have been masked or redacted and the reasons therefor. The Party or nonparty desiring to designate any or all portions of oral testimony as Confidential Material shall do so by stating orally on the record on the day that the oral testimony is being given or by notifying the Parties in writing of the intention to designate any or all portions of oral testimony as Confidential Material after the oral testimony is given.

7.      Confidential Material shall be disclosed only to: (a) the Court presiding over this Litigation and personnel assisting the Court, including its support staff; (b) Plaintiff and its employees and outside counsel, and personnel retained by Plaintiff as experts or consultants for this Litigation including litigation support services, and their staff, provided that such retained personnel not directly employed by the Plaintiff have signed Exhibit A; (c) judges and other court personnel of any court having jurisdiction over any appellate proceedings involving this Litigation; (d) outside counsel of record for any Defendant, their associated attorneys and other employees of their law firm(s), provided they are not employees of a Defendant; (e) anyone retained to assist outside counsel of record for any Defendant in the preparation or hearing of this Litigation including experts, consultants, contract attorneys, litigation support services, and their staff, provided they are not affiliated with a Defendant in any way and have signed Exhibit A; (f) anyone retained to assist outside counsel of record for Plaintiff in the preparation or hearing of this Litigation including experts, consultants, contract attorneys, litigation support services, and their staff, provided that such retained personnel not directly employed by the Plaintiff have signed Exhibit A; (g) any witness or deponent who may have authored or received the information in question or who had access to the material in the ordinary course of their

4

employment; and (h) any interpreter, court reporter, shorthand reporter, typist or videographer translating, recording, or transcribing Documents or testimony in connection with this Litigation. Nothing in this Protective Order precludes a Party from using or disseminating its own Confidential Material, including for purposes other than litigating this Litigation, or from showing Confidential Material that it has produced to its own employee-witness or an expert witness retained by the Party.

8.      Disclosure of Confidential Material to any person described in Paragraph 7 of this Protective Order shall be only for the purposes of the preparation and hearing of this Litigation, or any appeal therefrom, and any legitimate law enforcement purpose, and for no other purpose whatsoever; provided, however, that Plaintiff may, subject to taking appropriate steps to preserve the confidentiality of such material, use or disclose Confidential Material as provided by the FTC's Rules of Practice; sections 6(f) and 21 of the Federal Trade Commission Act; or any other legal obligation imposed upon the Commission.

9.      In the event that any Confidential Material is contained in any pleading, motion, exhibit, or other paper filed or to be filed with the Court, the Court shall be so informed by the Party filing such papers, and such papers shall be filed under seal. To the extent that such material was originally submitted by a nonparty, the Party including the material in its papers shall immediately notify the submitter of such inclusion. Confidential Material contained in the papers shall remain under seal until further order of the Court; provided, however, that such papers may be furnished to persons or entities who may receive Confidential Material pursuant to Paragraph 7 or 8. Upon or after filing any paper containing Confidential Material, the filing Party shall file on the public record a duplicate copy of the paper that does not reveal Confidential Material. Further, if the protection for any such Confidential Material expires, a

Party may file on the public record a duplicate copy which also contains the formerly protected Confidential Material.

10.     If any Party receives a discovery request in any investigation or in any other proceeding or matter that may require the disclosure of Confidential Material submitted by another Party or nonparty, the recipient of the discovery request shall promptly notify the submitter of receipt of such request. Unless a shorter time is mandated by an order of a court, such notification shall be in writing and be received by the submitter at least ten (10) business days before production, and shall include a copy of this Protective Order and a cover letter that will apprise the submitter of its rights hereunder. Nothing herein shall be construed as requiring the recipient of the discovery request or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Confidential Material, to subject itself to any penalties for non-compliance with any such order, or to seek any relief from the Court. The recipient shall not oppose the submitter's efforts to challenge the disclosure of Confidential Material. In addition, nothing herein shall limit the applicability of Rule 4.11(e) of the Commission's Rules of Practice, 16 C.F.R. § 4.11(e), to discovery requests in another proceeding that are directed to the Commission.

11.     At the time that any expert, consultant, or other person retained to assist counsel in the preparation of this Litigation concludes participation in the Litigation, such person shall return to counsel or destroy all copies of Documents or portions thereof designated confidential that are in the possession of such person, together with all notes, memoranda or other papers containing confidential material. At the conclusion of this Litigation, including the exhaustion of judicial review, the Parties shall return or destroy Documents obtained in this Litigation to their

submitters; provided, however, that the Commission's obligation to return or destroy Documents shall be governed by the provisions of Rule 4.12 of the Rules of Practice, 16 C.F.R. § 4.12.

12.    In the event of an inadvertent disclosure of any Confidential Material to any person(s) not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure shall promptly notify all other Parties, in addition to the Party or nonparty that produced the Confidential Material, that the material has been disclosed and provide to such person all known relevant information concerning the nature and circumstances of the disclosure. The disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized or inadvertent disclosure shall not change the confidential status of any disclosed material or waive the right to maintain the disclosed material as containing Confidential Material.

13.    All Documents produced in this Litigation will be treated as Confidential Material for ten (10) business days from the date of their production, even if not designated in accordance with this Protective Order. Any production of Documents not designated as Confidential Material will not be deemed a waiver of any future claim of confidentiality concerning such information if it is later designated as Confidential Material. If at any time prior to the conclusion of this Litigation, a Party or nonparty determines that it should have designated as Confidential Material any Documents that the Party previously produced, it may so designate such Documents by notifying the Parties in writing. The Parties shall thereafter treat the Document pursuant to the new designation under the terms of this Protective Order. No prior disclosure of newly designated Confidential Material shall violate this Protective Order, provided that the prior disclosure occurred more than ten (10) business days after that Confidential Material was

produced without having been designated as Confidential Material. The disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any such subsequent designation.

14.    All materials produced to the FTC in the course of its investigation of the proposed acquisition, FTC File No. 251-0079, shall be treated as Confidential Material as defined in this Protective Order. Material previously designated as confidential prior to the entry of this Protective Order need not be re-designated.

15.    The provisions of this Protective Order, insofar as they restrict the communication and use of Confidential Materials, shall, without written permission of the submitter or further order of the Court, continue to be binding after the conclusion of this Litigation.

This protective order does not bind the Court or any of its
personnel.  The Court can modify this stipulation at any time.
The Court will retain jurisdiction over the terms and conditions
of this agreement only for the pendency of this litigation.

Dated:    December 23, 2025          SO ORDERED.
          New York, New York

*Katherine Polk Failla*

          HON. KATHERINE POLK FAILLA
          UNITED STATES DISTRICT JUDGE

8

**EXHIBIT A ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York on _____ [date] in the case of *Federal Trade Commission v. Henkel AG & CO. KGaA, et al.*, Case No. 1:25-cv-10371-KPF. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

Printed name: _____

Signature: _____