**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                              Plaintiff,<br><br>   v.<br><br>HENKEL AG & CO. KGAA,<br><br>HENKEL OF AMERICA, INC.,<br><br>HENKEL US OPERATIONS CORP.,<br><br>AIP, LLC d/b/a AMERICAN INDUSTRIAL PARTNERS,<br><br>A-PAINT HOLDING LP,<br><br>  and<br><br>A-PAINT TOPCO, INC.,<br><br>                              Defendants. | Case No. 1:25-cv-10371-KPF |

**SUPPLEMENTAL CASE MANAGEMENT ORDER**

Plaintiff Federal Trade Commission ("FTC" or "Commission") and Defendants Henkel AG & Co. KGaA and its U.S. subsidiaries Henkel of America, Inc. and Henkel US Operations Corp. (collectively, "Henkel") and Defendants AIP, LLC d/b/a American Industrial Partners, A-Paint Holding LP, and A-Paint Topco, Inc. (collectively, "A-Paint") respectfully submit this Proposed Supplemental Case Management Order regarding electronically stored information, and claims of privilege or of protection from discovery in accordance with Paragraph 7.c of the Court's January 28, 2026 Case Management Plan and Scheduling Order, ECF 74 ("Case Management Order").

1

**A.    Claims of Privilege or of Protection From Discovery.**

1.    Privilege Logs. The parties agree to suspend the obligations of Federal Rule of Civil Procedure 26(b)(5)(A) to produce a log of materials withheld from discovery in this case (excluding Defendants' productions made during the course of the FTC's pre-complaint investigation) for the following categories of documents:

a.    Documents or communications sent solely between outside counsel for Defendants (or persons employed by or acting on behalf of such counsel) or solely between counsel for Plaintiffs (or persons employed by or acting on behalf of such counsel);

b.    Documents or communications sent solely between in-house counsel (acting solely in a legal capacity), or between in-house counsel (acting solely in a legal capacity) and outside counsel for either Defendant (or persons employed by or acting on behalf of such counsel);

c.    Communications for which Defendants' outside counsel appears in the "From" line;

d.    Documents or communications concerning the Hart-Scott-Rodino filings made in this matter, the FTC's investigation of this matter, including the Defendants' responses to the Second Requests, or the present litigation sent solely among (1) Defendants' counsel, including in-house counsel acting solely in a legal capacity and persons employed by or acting on behalf of such outside counsel, and (2) Defendant employees or Board members.

e.    Privileged draft litigation or regulatory filings;

f.    Documents or communications sent solely within the FTC (including persons employed by or acting on behalf of the FTC);

g.    Documents or communications sent between the FTC and any state, local, or federal government agencies subject to common interest privilege, law enforcement investigatory privilege, joint prosecution privilege, the work product doctrine, or any other applicable privilege or protection from disclosure; and

h.    Materials exempted from disclosure under the Expert Materials provision of Paragraph 8.g. of the Case Management Order.

2.    Where not excluded pursuant to Section A.1., for redacted documents, communications for which Defendants' outside counsel appears in the "To" line, or communications for which Defendants' in-house counsel appears in the "To" or "From" line, the parties may submit a metadata log. The metadata log shall consist of (1) bates numbers; (2) a metadata extract for authors, recipients, and, where available, the subject matter of the documents (if the metadata of a document does not include subject matter, the party will provide

a description of the document); and (3) a basis for the privilege claim (Attorney-Client Communication or Work Product). If opposing counsel cannot assess the applicability of the privilege claimed from the unredacted portions of any document, the party claiming the privilege will produce a full privilege log entry (subject to the limitation of Section A.1. above) for any such document within 5 business days of identification by opposing counsel.

3.    Attorney Work-Product. The parties will neither request nor seek to compel the production of any interview notes, interview memoranda, or recitation of information contained in such notes or memoranda, or recitation of information contained in such notes or memoranda, created by any party's Counsel, except as specified in Paragraph 8.g. of the Case Management Order.

**B.    Electronically Stored Information.**

4.    Regarding the preservation and production of electronically stored information ("ESI"):

a.  All parties have established litigation holds to preserve ESI that may be relevant to the expected claims and defenses in this case. In addition, the parties have taken steps to ensure that automatic deletion systems will not destroy any potentially relevant information.

b.  The use of Technology Assisted Review tools may assist in the efficient production of ESI. If a party desires to use such technologies, it shall meet and confer with the other side, consider in good faith any suggestions or requests made by the other side regarding the reasonable use of such technology, and report its response to any such suggestion or request.

c.  All parties will request and produce ESI in the form or forms that facilitate efficient review of ESI. In general, the parties shall produce ESI according to the same ESI technical specifications used by Defendants in the FTC's pre-complaint investigation.

SO ORDERED.

This Order does not bind the Court or any of its personnel.  The Court can modify this Order at any time.  The Court will retain jurisdiction over the terms and conditions of this Order only for the pendency of this litigation.

Dated:    February 9, 2026          SO ORDERED.
          New York, New York

                                    _Katherine Polk Failla_

                                    HON. KATHERINE POLK FAILLA
                                    UNITED STATES DISTRICT JUDGE