# BAKER BOTTS L.L.P.

700 K STREET, N.W.
WASHINGTON, D.C.
20001

TEL  +1 202.639.7700
FAX  +1 202.639.7890
BakerBotts.com

AUSTIN
BRUSSELS
DALLAS
DUBAI
HOUSTON
LONDON

NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
SINGAPORE
**WASHINGTON**

March 30, 2026

**VIA ECF**

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007



> **RE:**   *FTC v. Henkel AG & Co. KGaA et al*. **No. 1:25-cv-10371-KPF: Motion To Compel Subpoena *Duces Tecum* Compliance**

Dear Judge Failla:

We respectfully write on behalf of Defendants to move the Court to compel non-party Gorilla Glue Company ("Gorilla Glue") to produce certain documents and data responsive to A-Paint's February 2, 2026 subpoena *duces tecum* (the "Subpoena"). *See* Ex. A.

As a significant supplier of construction adhesives and competitor to Defendants, Gorilla Glue possesses information highly relevant to this case. To limit the burden on Gorilla Glue as much as possible, Defendants move to compel the production of only two limited sets of important data and documents from Gorilla Glue: (1) Aggregated data regarding Gorilla Glue's gross margins that Gorilla Glue earns from sales of construction adhesives—data which Defendants already agreed to accept in a more aggregated form than called for in the Subpoena, and (2) Documents regarding market analysis related to Gorilla Glue's plans to introduce new construction adhesives products.

*Margin Data.* Counsel have conferred multiple times regarding the production of margin data related to its construction adhesive sales, including phone calls on February 12 and 26, 2026 and March 6, 11, and 26, 2026. In those conferences, Gorilla Glue made clear that it is unwilling to produce the requested data largely due to confidentiality concerns. Defendants have worked diligently with Gorilla to address those concerns, including limiting the documents and data they seek, and confirming that any documents and data produced would receive the highest level of protection under the Stipulated Protective Order (the "Protective Order"). *See* ECF No. 59.

*Market Analysis of New Construction Adhesives*. Defendants seek documents that they first learned about during the deposition of Earnie Parten, Gorilla Glue's Chief Commercial Officer, on March 18th that are responsive to Specifications 3 and 10 of the Subpoena. These documents include market analysis, portfolio reviews, sales and cost projections, and analysis of manufacturing and investment plans regarding Gorilla Glue's plans to introduce new construction adhesive product lines. *See* Ex. B (Parten Dep. at 144:3–24). Gorilla Glue has not articulated a basis for why those documents were withheld.

**BAKER BOTTS** LLP

Hon. Katherine Polk Failla                  - 2 -                  March 30, 2026

Given the April 3, 2026 close of fact discovery, *see* Case Mgmt. Plan & Scheduling Ord. at 10, ECF No. 74, and consistent with this Court's direction that parties promptly raise discovery disputes after a good-faith meet-and-confer, *see* Judge Failla's Individual Rules of Practice in Civil Cases 2.C.ii., we respectfully request that the Court compel production of the documents and data described below by April 3, 2026.

### A. Gorilla Glue's Data and Documents Are Highly Relevant.

Third party competitor data and documents concerning construction adhesives are highly relevant in this action. "The FTC's initial burden is to define a relevant market in which the proposed acquisition is likely to harm competition." *FTC v. IQVIA Holdings Inc.*, 710 F. Supp. 3d 329, 352 (S.D.N.Y. 2024). Information from A-Paint's competitors, such as Gorilla Glue, regarding their margins on and expansion of their construction adhesives is crucial to assessing the validity of the FTC's alleged relevant market and the resulting competitive effects from the proposed transaction. *See In re Novartis & Par Antitrust Litig.*, 2020 WL 3317203, at *6 (S.D.N.Y. June 18, 2020) (granting motion to compel non-party competitor to produce documents because third-party entry conditions lay "at the core of Plaintiffs' case"); *In re Namenda Direct Purchaser Antitrust Litig.*, 2017 WL 4700367, at *3 (S.D.N.Y. Oct. 19, 2017) (granting motion to compel and holding that transactional sales data from a non-party competitor were relevant to a more precise analysis of the impact of generic entry on prices); *In re Ranbaxy Generic Drug Application Antitrust Litig.*, 2020 WL 5370577, at *3–4 (D. Mass. Sept. 8, 2020) (granting motion to compel and holding that a non-party manufacturer's profit margin data was relevant to assessing pricing and competitive effects).

Here, the data and documents requested are unquestionably relevant and proportional to the needs of the case. As communicated to Gorilla Glue's counsel over the course of multiple meet and confers, Gorilla Glue is a fierce competitor of Defendants and a leading construction adhesives brand, and data related to the margins earned on Gorilla Glue's construction adhesive sales is a key metric to understand Gorilla Glue's ability to expand, the current and post-merger states of competition, and is critical to Defendants' ability to understand construction adhesive price changes over time and price differences across different products. Neither retailers nor suppliers have access to Gorilla Glue's costs of production or operation, which makes Gorilla Glue uniquely situated as the only party able to provide the necessary information. The same is true for documents related to Gorilla Glue's market analysis, portfolio reviews, sales and cost projections, and manufacturing and investment plans for the introduction of new SKUs of construction adhesives.

The Protective Order's confidentiality provisions obviate Gorilla Glue's confidentiality concerns, however, and Gorilla Glue does not have a basis to refuse compliance with the Subpoena. Gorilla Glue is permitted to designate its production as Confidential, which will provide the production with the highest level of protection available and protect the interests of Gorilla Glue. *See* Protective Order, ECF No. 59; *see also Dial Corp. v. News Corp.*, 2015 WL 3778533, at *13 (S.D.N.Y. May 19, 2015) (finding protective order was "sufficient" to protect the interests of a competitor third party); *In re Currency Conversion Fee Antitrust Litig.*, 2004 WL 848171, at *1 (S.D.N.Y. Apr. 21, 2004) (finding the "presence of the confidentiality agreement and protective order" obviated third-party's confidentiality concern in antitrust action). Gorilla Glue therefore must fully comply with the Subpoena in this matter.

**BAKER BOTTS** LLP

Hon. Katherine Polk Failla                    - 3 -                    March 30, 2026

### B. A-Paint Diligently Attempted to Secure Compliance with the Subpoena.

Prior to filing this Motion, Defendants met and conferred with Gorilla Glue on multiple occasions regarding Gorilla Glue's compliance with the Subpoena. *See* Ex. C (Communications between Defendants and Gorilla Glue counsel). On March 18, 2026, Defendants clarified they sought from Gorilla Glue information responsive to the following Subpoena specifications:

- **Specification 3:** Documents sufficient to show any plans to introduce new Construction Adhesives and expansions of existing Construction Adhesives, including expansions to facilities or production capabilities, expansion into new customer channels, or expansions regarding functions.

- **Specification 10:** Documents sufficient to show any brand analysis, consumer surveys, market studies, or other similar analysis or studies performed, commissioned, or bought by the Company relating to Construction Adhesives.

- **Specification 11:** Data sufficient to show, for each of the Company's Construction Adhesives broken down by product ID/SKU, customer, and sales channel and any other customer categorization maintained in the ordinary course, the following information for sales in the United States:
  - Units;
  - Sales (USD, net of any rebates or discounts, slotting fees, marketing funds, etc.);
    - If rebates, discounts, slotting fees, marketing funds etc. are not allocated to specific products IDs/SKUs, provide the total value of any unallocated lump sum payments, rebates, discounts, marketing funds, etc. for construction adhesive products by customer, year, and month.
  - Average price (net of any rebates or discounts, slotting fees, marketing funds etc.); and Average cost of goods sold.

For Specifications 3 and 10, Defendants seek only the documents regarding any market analysis, portfolio reviews, sales and cost projections, and analysis of manufacturing and investment plans regarding Gorilla Glue's plans to introduce new construction adhesives.

For Specification 11, Defendants seek only the gross margin earned by Gorilla Glue on all construction adhesives sales (aggregated across all SKUs) to each of Gorilla Glue's customers.

As of the filing of this Motion, Defendants not received from Gorilla Glue data or documents responsive to those requests.

For the foregoing reasons, Defendants respectfully request that the Court compel Gorilla Glue to promptly produce documents in response to Specifications Nos. 3, 10, and 11 as limited above.

**BAKER BOTTS** LLP

Hon. Katherine Polk Failla                    - 4 -                    March 30, 2026

Respectfully submitted,

*/s/ Edward W. Duffy*
Edward W. Duffy
BAKER BOTTS L.L.P.
700 K Street, NW
Washington, D.C. 20001
Tel: (202) 549-8417
Facsimile: (202) 585-1074
rachel.rasp@bakerbotts.com

*Counsel for Defendants AIP, LLC d/b/a
American Industrial Partners, A-Paint
Holding LP, and A-Paint Topco, Inc..*

CC:
- All Counsel of Record (via ECF);
- Ryan Tisch, rtisch@mcdermottlaw.com, McDermott Will & Schulte LLP
- Payton Thorton, pthornton@mcdermottlaw.com, McDermott Will & Schulte LLP

Enclosure:
- Ex. A – 2026.02.02 Gorilla Glue Subpoena Package (FTC v. Henkel AG & Co KGaA)
- Ex. B – Earnie Parten Deposition Excerpt
- Ex. C – Communications between A-Paint and Gorilla Glue Counsel

The Court has received Defendants' above-motion to compel subpoena *duces tecum* and Gorilla Glue Company's ("Gorilla Glue") response (Dkt. #113).  For the following reasons, Defendants' motion is DENIED.

Regarding specifications 3 and 10, Gorilla Glue has made clear that those documents do not exist, and therefore there is nothing to compel Gorilla Glue to produce.

Regarding specification 11, the Court determines that Gorilla Glue's gross margin data is not relevant and proportional to the needs of this case.  *See* Fed. R. Civ. P. 26(b).  None of the cases cited by Defendants in support of their motion discussed margin data in the context of a merger review.  Indeed, only one of the cases discussed margin data at all, and the court there compelled the disclosure of a third party's margins due to the "unusual fact situation" of that case, namely that the third party's market power was directly at issue and its margins served as "direct evidence of its market power" in the court's assessment of a Sherman Act Section 2 claim.  *In re Ranbaxy Gen. Drug Application Antitrust Litig.*, No. 19 Md. 2878 (NMG), 2020 WL 5370577, at *1, 4 (D. Mass. Sept. 8, 2020).  Here, however, Defendants can rely on other information to define the relevant market and assess market share.  While the Court has no doubt that counsel will respect and safeguard any data shared with them under the Protective Order's confidentiality provisions, it sees no legal basis to compel Gorilla Glue to disclose highly sensitive and potentially damaging information that is not directly relevant to the legal issues of this case.

The Clerk of Court is directed to terminate the pending motion at docket entry 109.

Dated:   April 6, 2026         SO ORDERED.
         New York, New York

                               HON. KATHERINE POLK FAILLA
                               UNITED STATES DISTRICT JUDGE