

UNITED STATES OF AMERICA
Federal Trade Commission
WASHINGTON, D.C. 20580

BUREAU OF COMPETITION
MERGERS II DIVISION

April 22, 2026

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
(212) 805-0290
Failla_NYSDChambers@nysd.uscourts.gov

      Re:    **Federal Trade Commission v. Henkel AG & Co. KGaA, et al.,**
               **Case No. 1:25-cv-10371**

Dear Judge Failla:

      The FTC respectfully submits this letter in response to Defendants' April 17, 2026 Letter Motion for Local Rule 37.2 Conference (the "Letter Motion"). Despite being a signatory to the March 18, 2026 stipulation, the FTC was unaware of the instant dispute until the Letter Motion was filed and takes no position regarding its underlying merits. The FTC does, however, oppose Defendants' request for Court intervention as untimely and prejudicial to the FTC. The time for Defendants to seek this relief was last month. Instead, Defendants conveniently waited until after the close of fact discovery on April 3, 2026, and after the FTC served its initial expert report on April 10, 2026, thus ensuring non-reciprocal use by each side's experts of the material at issue. *See* ECF 119 at 1 (stating that Defendants have "now reached the end of discovery and shifted to preparing expert materials and getting ready for trial").

      The deadlines for fact and expert discovery in this case were negotiated and agreed to by the parties—and so ordered by the Court, ECF 74—to accommodate Defendants' request that the trial take place, and the Court render judgment, prior to the purported walkaway date in Defendants' merger agreement. *See* ECF 63 ("Defendants request an opinion by August 21, 2026, which would allow them to take all necessary steps to close their transaction by the agreed termination date."); ECF 77 ("an expedited schedule in this case…is necessary to accommodate the July 13, 2026, trial date, which itself is necessary to accommodate the subject acquisition's September 6, 2026, termination date."). Yet, despite issuing a subpoena to Menards on February 11, 2026, and later deposing a Menards witness on March 19, 2026, Defendants did not challenge Menards' designations until April 10, 2026, after the close of fact discovery and on the day the FTC's initial expert report was due. ECF 119 at 1, n. 2. Defendants have not asserted that they were diligent in pursuing discovery from Menards prior to the close of fact discovery on April 3, 2026, nor do Defendants explain why they could not have sought the Court's assistance much earlier. *See* Individual Rule 2(C)(ii) ("[I]f a party waits until near the close of discovery to

Hon. Katherine Polk Failla

raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks, let alone more time for discovery.").

That the Defendants reserved the right to contest Menards' designations is irrelevant to the timeliness of their current request, which would permit Defendants to convert agreements and stipulations about treatment of documents into agreements for selective extension of the deadline for fact discovery in this case, which is expressly prohibited by the Case Management Plan and Scheduling Order ("CMPSO").[1] ECF 74 ¶ 8.f. ("Any of the deadlines marked with an asterisk in the Schedule may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in the Schedule."). In fact, Defendants' own submission indicates that the Letter Motion is just one of several ongoing efforts to extend the deadline for fact discovery with respect to Menards, which would allow for one-way use of that discovery by Defendants' experts. ECF 119-2 at n.2 (alluding to "ongoing discussions" regarding additional document productions).[2]

Defendants' selective, and unilateral, extension of the deadline for fact discovery is not isolated to Menards. Last week, the FTC learned that Defendants continue to seek and obtain out-of-time fact discovery from other nonparties. Meet and confer efforts on these issues are ongoing and, if necessary, the FTC will seek appropriate relief from the Court.

The FTC respectfully asks that the Court deny the Letter Motion, ECF 119, as untimely and prejudicial because it comes after the close of fact discovery and after the FTC has served its initial expert report.

Sincerely,

/s/ Abby L. Dennis
Abby L. Dennis
Counsel for Federal Trade Commission

cc:   All counsel of record (via ECF)
      Joseph M. Sanders, Hinshaw & Culbertson LLP

---

[1] The FTC anticipates a process for assessing claims of confidentiality protections and potentially sealing portions of the evidentiary record as trial approaches and respectfully submits that the issues Defendants currently raise could be efficiently addressed at that time.

[2] These efforts apparently also include direct outreach from Henkel business personnel to Joshua Schneider, the Menards merchant who was deposed in this action (ECF 121-1 ¶ 17), which raises concerns regarding possible witness interference and violations of the protective order. ECF 59 at ¶ 7.