# CLEARY GOTTLIEB STEEN & HAMILTON LLP

NEW YORK

VIA ECF                                    April 23, 2026

Hon. Katherine Polk Failla
United States District Judge, Southern District of New York
40 Foley Square, Room 2103, New York, NY 10007

Re: Federal Trade Commission v. Henkel AG & Co. KGaA, et al., No. 1:25-cv-10371-KPF

Dear Judge Failla:

We write on behalf of Defendants to respectfully respond to the FTC's April 22, 2026 Letter to the Court ("FTC Letter," Dkt. No. 122). The FTC characterized its letter as a "response" to Defendants' April 17, 2026 Letter Motion seeking relief as to improper confidentiality designation by nonparty Menard, but in reality, and as is apparent from the fact that the FTC "takes no position" on Defendants' Letter Motion (*see* FTC Letter at 1), the FTC has made a new application for relief on which Defendants have not been heard.

The FTC asks that this Court bar Defendants from challenging confidentiality designations after the April 3 deadline for the close of fact discovery set in the Case Management Plan and Scheduling Order (Dkt. No. 74). This request should be denied for at least four reasons.

*First*, Defendants' challenge to Menard's Select Attorneys' Eyes Only ("SAEO") designations is timely. The Case Management Plan and Protective Order in this case do not require challenges to confidentiality designations to be made before the close of fact discovery, nor does the separate stipulated agreement with Menard. *See* Dkt. Nos. 59, 119-1. And this makes sense: as even the FTC recognizes, confidentiality issues may be dealt with up to the time of trial for various reasons. It would not make sense to treat the discovery cutoff as a "confidentiality cutoff." Moreover, the FTC states in a footnote that it "anticipates" an unspecified "process" for "assessing" claims of confidentiality "as trial approaches." FTC Letter at 2 n.1. The FTC does not explain why delaying assessment of the appropriateness of confidentiality designations is desirable for case management or any other purpose, but in any event, such an assessment will not become timely later if it is untimely now.

*Second*, Menard produced some of the documents at issue here late, including after the discovery cutoff, through no fault of Defendants. Post-close document productions can happen for various reasons, such as compliance with the obligation to supplement under Rule 26(e). *See* Fed. R. Civ. P. 26(e); *Star Direct Telecom, Inc. v. Glob. Crossing Bandwidth, Inc.*, 272 F.R.D. 350, 358 (W.D.N.Y. 2011) ("[T]he duty to supplement continues even after the discovery period has closed."). And late-arriving document productions (especially from third parties) are particularly understandable in expedited cases like this one. Efficient case management is not advanced by effectively precluding challenges to confidentiality designations made to late-arriving documents, nor by requiring any such challenges to be preceded by motions seeking Court authorization despite the absence of any rule or deadline precluding them. The FTC's request is therefore impractical and unduly burdensome.

*Third*, Defendants pursued this issue diligently. Defendants served their document subpoena on

Menard on February 11, well ahead of the close of fact discovery. At the March 19 Menard deposition, Defendants learned Menard had not produced relevant documents responsive to that subpoena. Defendants diligently followed up with Menard to obtain those documents on March 19, 23, 25, 26, and April 2 and 3, as a result of which Menard made supplemental productions on March 30, and April 1, 2, 3 and 9. On April 10, the day after Menard's final SAEO production and less than six business days after Menard finalized its deposition designations, Defendants challenged Menard's SAEO designations and made every effort to resolve that challenge amicably without burdening the Court; only when those efforts failed did Defendants file their Letter Motion.

The FTC also makes an incorrect assertion that Defendants are seeking "out-of-time fact discovery from other nonparties." FTC Letter at 2. This seems to refer to the fact that (i) after the Home Depot and Ace depositions took place following the close of fact discovery with the Court's permission, Defendants followed up to obtain responsive documents, including documents whose existence was revealed for the first time in depositions; (ii) other nonparties have made late productions for reasons having nothing to do with Defendants' lack of diligence; and (iii) Defendants have sought and obtained business record declarations from nonparties to avoid needing to call nonparty witnesses at trial merely to establish uncontroversial facts about the documents they already produced. The FTC's suggestion that any of this is improper is contrary to precedent, common practice, and common sense. *See, e.g.*, *Richmond v. Gen. Nutrition Ctrs. Inc.*, No. 08-cv-3577, 2012 WL 762307, at *5-6 (S.D.N.Y. Mar. 9, 2012) (permitting use of evidence produced after cutoff where late production was "substantially justified" or harmless); *Abby v. Paige*, No. 10-cv-23589, 2012 WL 13012744, at *1–2 (S.D. Fla. May 23, 2012) (permitting use of third-party discovery produced after cutoff where such discovery had been requested and due before cutoff).

*Fourth*, the FTC's claim of prejudice lacks merit. The FTC argues that granting Defendants' request to treat Menard's SAEO documents the same way as all other nonparty documents—as confidential under the Protective Order—would result in "one-way use of that discovery by Defendants' experts." FTC Letter at 2. But the FTC's assertion about untimeliness cuts both ways—if the FTC wanted its expert to review Menard's SAEO documents earlier, the FTC was free to challenge Menard's SAEO designations at any time. Moreover, the FTC's expert can address any documents used by Defendants' expert in his reply report. Depriving the experts, the full outside counsel trial teams, and even the Court of relevant evidence because of unsupported confidentiality claims, or because those confidentiality claims were challenged shortly after discovery closed, would not serve justice in this case. The FTC is an enforcement agency that should want the Court to have a complete record. It should not be heard to complain about relevant evidence based on contrived technical objections that have no sound legal basis.

For these reasons, Defendants respectfully submit that the Court should reject the FTC's request to deny Defendants' Letter Motion, as it is neither untimely nor prejudicial.

Respectfully submitted,

/s/ Lina Bensman
*Counsel for Henkel Defendants*

cc:    All counsel of record (via ECF)

2