

**Hinshaw & Culbertson LLP**
151 North Franklin Street
Suite 2500
Chicago, IL 60606
312-704-3000
www.hinshawlaw.com

**VIA ECF**                                        April 27, 2026

Hon. Katherine Polk Failla
United States District Judge, Southern District of New York
40 Foley Square, Room 2103, New York, NY 10007

RE: Non-party Menard Inc.'s Unopposed Request for  Joseph Sanders's Participation in the April 28, 2026 Informal Telephone Conference in *Federal Trade Commission v. Henkel AG & Co. KGaA, et al.*, No. 1:25-cv-10371-KPF

Dear Judge Failla,

We write on behalf of Menard, Inc., a non-party, to request that Joseph Sanders be allowed to participate on behalf of Menard, Inc. at the April 28, 2026 informal discovery telephone conference ordered by the Court on April 24, 2026. In the alternative, Menard requests a one-week adjournment of the conference to allow for the receipt of a certificate of good standing from the Supreme Court of Illinois and processing of Mr. Sanders's application to waive into the Southern District of New York ("SDNY") from the Eastern District of New York ("EDNY"). On April 27, 2026 we conferred with counsel for the parties and they do not oppose this motion.

Mr. Sanders's application to waive into SDNY from EDNY is delayed while awaiting a physical certificate of good standing from the Supreme Court of Illinois, which does not issue digital certificates.[1] The Supreme Court of Illinois shipped the certificate and it is currently at a UPS facility in Chicago. Ex. A, Sanders Declaration, ¶ 9. Mr. Sanders will be accompanied at the conference by Fernando C. Rivera-Maissonet, who is admitted in SDNY and has appeared on behalf of Menard. ECF No. 120.

Menard is a non-party to this matter and would be prejudiced if Mr. Sanders is not allowed to appear on Menard's behalf at the informal discovery telephone conference. Mr. Sanders has represented Menard throughout its response to the Rule 45 subpoenas for documents and testimony issued to Menard by defendants Henkel US Operations Corporation and Henkel of America, Inc. (collectively "Henkel"). Ex. A, Sanders Declaration, ¶ 3. Because the appearance is an informal discovery telephone conference, no party will be prejudiced by Mr. Sanders' appearance and the Court will benefit from the participation of counsel involved in the subject matter of the

---

[1] The certificates are only sent in physical form via FedEx, UPS or the US Postal Service. *See* https://www.illinoiscourts.gov/eservices/attorney-licensure/submit-online-requests/

An application to appear pro hac vice also requires that the certificate come from the Supreme Court of Illinois. "The attorney's affidavit [in support of pro hac vice admission] must be notarized and the certificate of good standing must be issued by the State Supreme Court except for the following states in which the bar issues the certificates of good standing AZ, GA, KY, NV, NJ, OK, RI, SC and VT." https://www.nysd.uscourts.gov/attorney/prohac.

conference.

Mr. Sanders has diligently pursued admission since Henkel filed the motion seeking Tuesday's conference on April 17, 2026. Mr. Sanders requested a certificate of good standing from EDNY on Friday April 17, 2026, the same day the motion was filed. Ex. A, Sanders Declaration, ¶ 4. The next business day, Monday April 20, 2026, Mr. Sanders requested certificates of good standing from the Supreme Court of the State of New York, Second Judicial Department and the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois. *Id.* at ¶ 5. The same day, Mr. Sanders submitted an application to waive into SDNY from EDNY pursuant to Local Rule 1.3 (g). *Id*. at ¶ 6. The application included Mr. Sanders's Local Rule 1.3 (g) affidavit and the three certificates of good standing. *Id*. On April 22, 2026 the SDNY clerk's office returned the application and requested a certificate of good standing from the Supreme Court of Illinois rather than the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois. *Id*. at ¶ 7.

On April 22, 2026, the same day Mr. Sanders was notified of the deficiency by the SDNY clerk's office, staff at Hinshaw & Culbertson requested a certificate from the Supreme Court of Illinois and provided the Office of the Clerk of the Supreme Court of Illinois with an overnight airbill to expedite the certificate. *Id*. at ¶ 8. The Clerk's Office of the Supreme Court of Illinois does not provide certificates of good standing in digital format; the certificates are only sent in physical form via FedEx, UPS or the US Postal Service. Mr. Sanders has not yet received the certificate. *Id*. UPS records indicate that the Supreme Court of Illinois shipped the certificate and it is currently at a UPS facility in Chicago, the location of Mr. Sanders's office. *Id.* at ¶ 9.

We thank the Court for its consideration of Menard's application.

Dated: April 27, 2026
Chicago, Illinois

HINSHAW & CULBERTSON LLP

By: */s/ Fernando C. Rivera-Maissonet*
Fernando C. Rivera-Maissonet
800 Third Avenue
13th Floor
New York, NY 10022
Tel:    212-471-6200
Email: friveramaissonet@hinshawlaw.com

*/s/ Joseph M. Sanders*
Joseph M. Sanders (Admission on waiver
from EDNY forthcoming)
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Tel:    312-704-3000
Email: jmsanders@hinshawlaw.com

***Attorneys for Non-Party, Menards, Inc.***

2