UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>              Plaintiff,<br><br>      -v.-<br><br>HENKEL AG & CO. KGAA; HENKEL OF AMERICA, INC.; HENKEL US OPERATIONS CORP.; AIP, LLC, *doing business as* AMERICAN INDUSTRIAL PARTNERS; A-PAINT HOLDING LP; and A-PAINT TOPCO, INC.,<br><br>              Defendants. | 25 Civ. 10371 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

This Order resolves a discovery dispute concerning documents produced by non-party Menard, Inc. ("Menard"). (Dkt. #119-126). Before addressing the merits of the dispute, the Court pauses to commend the parties and Menard for their written submissions and for their oral argument during the telephonic conference held on April 28, 2026; both were helpful to the Court in clarifying the issues in dispute. The Court has also carefully reviewed the challenged materials *in camera*.

At the beginning of the April 28 conference, the Court heard argument concerning the negotiations with Menard. Once again, the Court would have preferred that the parties and Menard raised the designation issues with the Court at the outset, rather than kicking the proverbial can down the road until the instant dispute. However, the Court has taken seriously the sequence of

events as described by Henkel's counsel, and thus does not believe that Menard was subjected to a "bait and switch" during negotiations.

The Court also acknowledges Menard's concerns about confidentiality; these concerns were understandably heightened by an imprudent telephone call from a Henkel executive that was discussed during the April 28 conference. That said, the Court does not believe that the call took place at the instigation of Henkel's counsel, and the Court is confident that Henkel's counsel will prevent further outreach of this type going forward.

As for the merits of the dispute, the Court first considers Henkel's requests to expand the list of persons authorized to view materials designated as Select Attorneys' Eyes Only ("SAEO"). It concludes that Henkel has demonstrated the appropriateness of expanding the list to include the 12 additional attorneys on the defense trial team who are currently authorized to receive only summaries of the SAEO materials. (*See* Dkt. #110-1 at 6). The Court is satisfied that those attorneys are sufficiently attuned to their professional responsibilities that they will protect and safeguard the challenged materials with the utmost degree of care. Conversely, the Court believes that these attorneys are sufficiently attuned to the panoply of sanctions available to the Court, including case-terminating sanctions, that they will appropriately focus on protecting the confidentiality of the challenged materials.

What remains is the issue of the parties' experts and their staff. The Court is concerned about the number of individuals who are proposed to receive the confidential information. However, after reviewing the SAEO

2

materials *in camera*, the Court understands their relevance and believes that the experts should consider this information in their reports.  Once again, the Court is counting on counsels' awareness of the serious consequences of inadvertent disclosure of this information.  The Court has also received assurance from Defendants that their expert can limit access to herself and three (rather than ten) members of her staff.

Finally, the Court understands Menard's position that the sanctions the Court can impose on the parties may not fully remediate the potential harm of disclosure to Menard, a non-party to this litigation.  Nevertheless, the Court is confident that the most severe of these sanctions will have an *in terrorem* effect that will ensure protection of Menard's confidential information.

For these reasons, the Court GRANTS Defendants' request to share the SAEO materials with the entire defense trial team and with the parties' experts for purposes of preparing their expert testimony.

SO ORDERED.

Dated:   April 29, 2026
         New York, New York

KATHERINE POLK FAILLA
United States District Judge

3