May 12, 2026

**VIA ECF**

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007



Re:    Federal Trade Commission v. Henkel AG & Co. KGaA, et al.,
       Case No. 1:25-cv-10371-KPF

Dear Judge Failla:

Since their joint filing on May 1, the parties met and conferred on May 6, May 8, and May 12 and jointly and respectfully submit this letter reflecting agreements the parties have reached and issues on which the parties may benefit from the Court's guidance. The parties are available for a conference at the Court's convenience.

**Final Fact Witness Lists**

The parties have agreed to expedite the exchange of Final Witness Lists to 5 p.m. eastern time on May 21, 2026. The previous deadline was June 3, 2026. Final Witness Lists will identify live witnesses, direct by trial affidavits, and nonparty witnesses testifying by deposition. The parties are continuing to discuss a timeline and process for any party deposition designations.

*Plaintiff's Position:*

The FTC is prepared to present its case in chief through no more than 25 fact witnesses (live or by deposition video) and its single economic expert witness, which is line with preliminary injunction hearings in previous FTC merger challenges that did not adjudicate the merits.[1] The FTC anticipates that the trial here would take no more than 60 hours, even if the Court hears all direct testimony live rather than by affidavit pursuant to Your Honor's Individual Rule 7.D.1.

Defendants have recently proposed no limit to the total number of witnesses, whose testimony they intend to produce either by affidavit pursuant to Your Honor's Individual Rule 7.D.1 or by deposition transcript (including for witnesses within their control and located in the United States). The FTC is concerned that the submission of unbounded written testimony (A) creates significant uncertainty regarding the scope of issues and facts to which the FTC may

---

[1] *See, e.g.*, *FTC v. Tapestry, Inc.*, 755 F. Supp. 3d 386, 406 n. 1 (seven day preliminary injunction hearing with 16 live fact witnesses and 12 witnesses testifying via deposition video); *FTC v. IQVIA*, Case 1:23-cv-06188-ER (SDNY), ECF 104 at 2 (final fact witness limit of 20); *FTC v. Novant*, Case 5:24-cv-00028-KDB-SCR (WDNC) ECF 48 at 19-20 (final fact witness limit of 18).

1

need to respond, and as such (B) complicates predicting trial time and how to split time between Plaintiff, who will have no written directs, and Defendants. As a practical matter, witnesses testifying in person will be almost exclusively adverse party witnesses that the FTC does not control but Defendants do; the FTC may need more time to examine those witnesses through both adverse direct and cross examination.

*Defendants' Position:*

Defendants agree that the parties should be efficient in their trial presentation and expect to call far fewer than 25 witnesses at trial. As for deposition designations, there were nearly 50 depositions in this case of party and non-party witnesses. Depending on which witnesses the FTC calls, Defendants need to remain flexible about which deposition testimony they present by designation. Some of those designations could be limited to a small amount of testimony about specific issues. Defendants will not burden the Court with unnecessary deposition testimony

As to trial time, Defendants expect that trial will likely take no more than 30 hours. Among other things, the Court's practice of receiving most direct examinations via affidavit in advance will make trial very efficient.

**Presentation of Deposition Designations**

*Plaintiff's Position:*

Nonparty Deposition Designations. The FTC respectfully proposes that deposition designations of nonparties offered as evidence should be played by video in the courtroom during trial. Although, as Defendants note, fewer than half of all the depositions in this case were videorecorded, the parties incurred expense to video record *all nonparty* depositions so that nonparties would not be burdened with travel or subject to nationwide service of process. (*See* CMPSO ¶ 20.c., ECF 74). The FTC believes viewing those videos would facilitate public access to the proceedings and assist the Court in assessing witness demeanor, which may be particularly relevant when witnesses are discussing course of business documents.

The FTC estimates that it would submit fewer than ten total witnesses by video deposition and that the time for the FTC's affirmative designations for these witnesses would be fewer than five hours, although precise numbers may change as we continue to evaluate our expected witness list, the deposition testimony that we may offer at trial, and the parties' exchange of deposition designations. This video testimony could be offered at convenient times for the Court, such as during gaps between live witnesses or if there are short periods at the end of a live examination but prior to breaks or the end of the day to avoid, for example, swearing in and then sequestering a live witness overnight. If the Court is not inclined to have deposition videos played at trial, the FTC respectfully proposes that the parties submit to chambers video of any designated testimony or useful excerpts.

Party Deposition Designations. The FTC's view, respectfully, is that it may aid the Court's determination of disputed facts to observe the demeanor of witnesses as much as possible. If the Court is inclined to receive deposition testimony of party witnesses on paper and not to limit the number of witnesses for such submission, however, the FTC respectfully

proposes that the parties forgo time consuming exchange of deposition designations[2] and instead follow the procedure under Your Honor's Individual Rule 5.B. for Summary Judgment, providing the Court with electronic, text-searchable courtesy copies of deposition transcripts of party witnesses on which the parties rely rather than deposition excerpts.

*Defendants' Position:*

As to non-party deposition designations, this is a bench trial, and under the Court's Individual Rules, the parties are submitting designated deposition testimony in advance of trial. Defendants believe that it is unnecessary and inefficient to then read or play hours of designations at trial. *See, e.g.*, *SEC v. Collector's Coffee Inc.*, No. 19-cv-4355, 2023 WL 8372834, at *1 (S.D.N.Y. Dec. 4, 2023) ("Watching or reading four entire days of deposition testimony is wasting time . . . ."). Less than half the depositions in this case were videorecorded. Defendants are happy to submit those videos with the designations if it would be helpful to the Court.

As to party deposition designations, Defendants intend to submit such designations that would be proper under the federal rules for party witnesses that neither side calls at trial.

Defendants believe that the FTC's proposal to treat trial like summary judgment and forgo designations, instead requiring the Court to hunt through dozens of "text searchable" deposition transcripts, would be inefficient. It would also unduly burden the parties by requiring them to present objections for entire deposition transcripts, not knowing which portions the other side intends to use. The parties should instead submit designations of relevant deposition testimony.

**Exchange and Submission of Deposition Designations**

The parties have agreed to exchange, by 5:00 p.m. eastern time on May 27, 2026, designations of any nonparty deposition testimony they plan to introduce in their case in chief.

The parties have agreed to exchange, by 5:00 p.m. eastern time on June 2, 2026, any counter-designations and any objections.

The parties have agreed to exchange, by 5:00 p.m. eastern time on June 8, 2026, any objections to counter designations.

**Expert Trial Testimony**

As reflected in Paragraph 8.g.vi. of the Case Management Plan and Scheduling Order (ECF 74), the parties request that direct testimony of expert witnesses be offered live rather than

---

[2] *See generally* CMPSO ¶ 15.a. ("Deposition designations and counter designations for party witnesses need not be exchanged or submitted with the Joint Pretrial Order. The parties shall meet and confer in good faith regarding an appropriate process for exchange of designations and objections for party witnesses prior to trial.").

via trial affidavit under the Court's Individual Rule 7.D.i., should the Court be amenable.

*Plaintiff's Position:*

If the Court is inclined to receive additional written material related to expert testimony, the FTC respectfully proposes that each side submit their respective expert reports. The reports are operative disclosures that limit the scope of testimony each expert may offer. An additional written summary would be redundant with the reports, witness testimony, and June 15 filings, including pretrial briefs and proposed findings of fact and conclusions of law. The usefulness of such a summary would likely be outweighed by the burden of the parties drafting and exchanging them, in addition to meeting and conferring regarding any objections, prior to submission to the Court. The FTC is of course prepared to provide any material the Court would find useful, and respectfully proposes that summaries could be prepared after the Court has had access to the expert reports and expert witness testimony.

*Defendants' Position:*

In addition to live testimony, Defendants propose that the parties submit a short summary of their experts' testimony on June 15, no longer than 20 pages, along with the other direct-testimony affidavits. Defendants believe this would be far more helpful to the Court than submitting hundreds of pages of expert reports that contain enormous amounts of information and data that will not be relied on at trial. A short summary will focus on the points likely to be made by each expert at trial, with key charts and tables.

**Final Exhibit Lists**

The parties have agreed that demonstratives may be excluded from the June 15, 2025, submission and will continue to confer about a process for exchanging such demonstratives in advance of their use. Should the Court be amenable, the parties also agree to forgo exchanging and submitting objections by June 15 and to instead continue to confer and narrow the identification of evidence that they expect to present at trial, such as a process for disclosing priority exhibits and those most likely to be introduced at trial.

Regarding admitting exhibits:

The FTC expects to seek admission of documentary evidence through witness testimony and is prepared to meet and confer with Defendants regarding a proposed process for preadmitting documents to improve courtroom efficiency, should it please the Court.

Defendants request the Court's guidance regarding the process for admitting exhibits at trial.

**June 15 Proposed Joint Pretrial Order**

In light of the planned submission of pretrial briefs and proposed findings of fact and conclusions of law, the parties respectfully request that they be excused from the requirements of

4

the Court's Individual Rule 7.A.iv.[3]

The parties are mindful of the Court's Individual Rules 7.D.iii. and 7.E. and, in light of the likely volume of materials, respectfully wish to confirm that the parties are to submit paper courtesy copies of all documentary exhibits with the Proposed Joint Pretrial Order or whether the Court would prefer electronic copies of exhibits at that time and paper copies of documentary exhibits closer to the time that they are offered for admission.

The parties respectfully request a two-day extension, until June 17, 2026, to provide such copies to allow for continued conferrals and discussions through June 15, 2026.

**Confidentiality and Sealing**

Each side agrees to notify each nonparty of any materials from that nonparty that appear on that side's final exhibit list or deposition designations, including those designated confidential under the Protective Order, promptly after the exchange of final exhibit lists and the final exchange of deposition designations, and in any event no later than June 17, 2026.

The parties expect that Pre-Trial Memoranda of Law, Proposed Findings of Fact and Conclusions of Law, and the Proposed Joint Pretrial Order ("June 15 Filings") will contain or reflect significant amounts of information that has been designated by defendants and nonparties as confidential under the Protective Order. The parties respectfully request the Court's approval to file those papers temporarily under seal while the parties and nonparties assess what information they may seek permanently to seal.

The parties also respectfully seek the Court's guidance as to whether Paragraph 9 of the Protective Order obviates the need for separate sealing motions from each of the parties and nonparties seeking confidential treatment at this stage of the proceedings. *See* Protective Order, ECF 59, at 5.[4] If, instead of relying on Paragraph 9 of the Protective Order, it would please the Court to receive motions to seal from the parties and nonparties seeking confidential treatment to substantiate their confidentiality claims, the parties will provide adequate notice to the nonparties, including the deadline by which the Court would like to receive any such motions. The parties estimate that confidential information from between fifteen and thirty nonparties may be implicated by the June 15 Filings.

---

[3] "A brief summary by each party of the claims and defenses that the party asserts remain to be tried, including citations to any statutes on which the party relies. Such summaries shall also identify all claims and defenses previously asserted which are not to be tried. The summaries should not recite any evidentiary matter."

[4] "In the event that any Confidential Material is contained in any pleading, motion, exhibit, or other paper filed or to be filed with the Court, the Court shall be so informed by the Party filing such papers, and such papers shall be filed under seal. To the extent that such material was originally submitted by a nonparty, the Party including the material in its papers shall immediately notify the submitter of such inclusion. Confidential Material contained in the papers shall remain under seal until further order of the Court."

5

The parties are continuing to meet and confer regarding proposed procedures for the treatment of confidential exhibits and testimony offered at trial.

**Opening Statements**

The parties respectfully request an opportunity to provide opening statements at the beginning of trial. The parties believe 45 minutes per side is sufficient.

Respectfully submitted,

*/s/ J. Alexander Ansaldo*
J. Alexander Ansaldo
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Phone: (202) 326-3695
Email: jansaldo@ftc.gov

*/s/ Ryan A. Shores*
Ryan A. Shores
Cleary Gottlieb Steen & Hamilton
2112 Pennsylvania Ave., NW
Washington, D.C. 20037
Phone: (202) 974-1500
Email: rshores@cgsh.com

*Counsel for Henkel AG, Henkel of America, Inc., Henkel US Operations Corp.*

*/s/ Edward William Duffy*
Edward William Duffy
Baker Botts LLP
700 K Street NW
Washington, DC 20001
Phone: (202) 639-7700
Email: ed.duffy@bakerbotts.com

*Counsel for AIP, LLC, A-Paint Holding LP, A-Paint Topco, Inc.*

cc: All Counsel of Record (via ECF)

The Court has received the above-joint letter.

The Court GRANTS the following requests:
- The parties shall exchange Final Witness Lists on or before **May 21, 2026**, at **5:00 p.m.**
- There shall be no limit to the total number of witnesses, because the Court takes seriously Defendants' representations about trial efficiency.  For third-party witnesses, the parties can use deposition designations in lieu of affidavits for a proposed witness's direct testimony; if the parties can agree regarding the deposition designations that would comprise both direct and cross-examination for a proposed witness, the witness need not appear in Court for examination in person.
- The parties shall exchange any nonparty deposition testimony they plan to introduce in their case in chief on or before **May 27, 2026**, at **5:00 p.m.**
- The parties shall exchange any counter-designations and objections on or before **June 2, 2026**, at **5:00 p.m.**
- The parties shall exchange any objections to counter-designations on or before **June 8, 2026**, at **5:00 p.m.**
- Expert testimony shall be offered live, for both direct and cross.
- The parties shall prepare and submit a short summary of their experts' testimony on or before **June 15, 2026**, no longer than 20 pages.  The summary shall be based on existing materials and shall not introduce new and additional information.
- The parties shall continue to meet and confer about a process for exchanging demonstratives and objections, which do not need to be included in the June 15 submissions.  Regarding the process for admitting exhibits at trial, the Court will accept an exhibit without the need for witness testimony if the parties agree on its authenticity and admissibility and stipulate to the same.  Otherwise, exhibits shall be admitted through witness testimony.
- The parties shall prepare only electronic copies of exhibits to meet the June 15 deadline and shall prepare paper copies of documentary exhibits closer to the time that they are offered for admission.  The parties' request for a two-day extension until **June 17, 2026**, is hereby GRANTED.
- The parties' request to file their June 15 submissions temporarily under seal while the parties and nonparties assess what information they may seek to permanently seal is hereby GRANTED.
- The Court agrees that Paragraph 9 of the Protective Order obviates the need for separate sealing motions.
- The parties' request to provide opening statements at the beginning of trial is hereby GRANTED.  The statements shall be no longer than 45 minutes per side, and the Court urges the parties to be succinct.

The Court DENIES the following requests:
- The FTC's proposal of playing by video deposition designations of nonparties offered as evidence in the courtroom during trial is DENIED.  The Court will instead review the videos on its own schedule.  The parties are directed to submit to chambers videos of any designated testimony or useful excerpts.
- The FTC's proposal of forgoing the exchange of deposition designations of party witnesses, following the procedure for summary judgment, and providing the Court with courtesy copies of deposition transcripts is DENIED.  The parties are directed to exchange and submit relevant deposition designations of party witnesses, as Defendants have proposed.

SO ORDERED.

Dated:     May 14, 2026
           New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE