**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,<br>Plaintiff,<br>v.<br>HENKEL AG & CO. KGAA,<br>HENKEL OF AMERICA, INC.,<br>HENKEL US OPERATIONS CORP.,<br>AIP, LLC d/b/a AMERICAN INDUSTRIAL<br>PARTNERS,<br>A-PAINT HOLDING LP,<br>        and<br>A-PAINT TOPCO, INC.,<br>Defendants. | Case No. 1:25-cv-10371-KPF |

**[PROPOSED] TRIAL PROCEDURES ORDER**

Pursuant to Paragraphs 15(c)-(d) of the Case Management Plan and Scheduling Order, ECF 74 ("CMPSO"), the parties respectfully submit this joint Proposed Trial Procedures Order.

**I.    WITNESSES**

**A.    Disclosure of Witness Sequencing**

Each party will identify the sequence of that party's anticipated witnesses for a particular hearing day by 8:00 PM Eastern two calendar days before that hearing day.

**B.    Witnesses Called by Both Sides**

If both sides intend to call a witness live, that witness will testify only once. If an affidavit has been submitted for a witness, the side sponsoring the affidavit will move to have it and any exhibits attached thereto admitted into evidence, subject to any objections. The other side will then examine the witness, followed by re-direct (if any) and then followed by re-cross (if any).

For witnesses for whom an affidavit has not been submitted, if they appear on both sides' witness list and are called during the FTC's case in chief, they will first testify in response to the FTC's questions and then in response to Defendants' questions, except for good cause shown.[1]

---

[1] Due to scheduling conflicts, some nonparty witnesses appearing on both sides' witness lists have indicated they are unavailable the first week of trial. For these witnesses, if called by both sides, the

### C.     Witness Sequestering

Fact witnesses shall be excluded from the courtroom and not listen to other fact testimony pursuant to Federal Rule of Evidence 615 until they are excused upon the conclusion of their testimony. Trial testimony shall not be disclosed to witnesses who are excluded from the courtroom. Expert witnesses will not be sequestered and may listen to fact witness testimony. Henkel AG & Co. KGaA and its U.S. subsidiaries Henkel of America, Inc., and Henkel US Operations Corp., may collectively designate one officer or employee, and A-Paint Topco, Inc., A-Paint Holding LP, and AIP, LLC d/b/a/ American Industrial Partners may also collectively designate one officer or employee to serve as a party representative, consistent with Federal Rule of Evidence 615. The party representative may attend the entire hearing, with the exception of sealed courtroom sessions pursuant to the provisions of the Protective Order, ECF 59.

### D.     Modifications to the Witness Lists

At Defendants' and the witnesses' request, the FTC has agreed to withdraw subpoenas for live testimony from Mr. Michael Tifft (former A-Paint), Mr. Paul Staver (former A-Paint), and Mr. Frank Ziegler (former Henkel).[2] Messrs. Tifft and Staver are on Defendants' witness list and the parties agree to include their deposition designations in the process for party deposition designations. Mr. Ziegler is not on Defendants' witness list. Defendants stipulate and agree (1) to the authenticity and admissibility of all exhibits used in Mr. Ziegler's deposition that also appear on the FTC's exhibit list, (2) that Defendants will not object to the FTC offering for admission into evidence Mr. Ziegler's separation agreement, and (3) that the FTC may designate testimony from Mr. Ziegler's deposition subject to Defendants' right to offer counter-designations or objections (but not affirmative designations).

## II.     DISCLOSURE AND USE OF EXHIBITS

The parties previously exchanged Final Exhibit Lists which were submitted to the Court on June 15, 2026. By a joint stipulation and agreement signed on June 25, 2026, the parties stipulated to the authenticity and admissibility of all documentary exhibits cited in the parties' respective Pre-Trial Memoranda of Law and Proposed Findings of Facts and Conclusions of Law filed on June 15, 2026 ("June 15 Submissions") and agreed to move the Court to admit those documentary exhibits at the commencement of trial proceedings on July 13, 2026. The parties further agreed to forgo authenticity and admissibility objections to the documentary exhibits identified on the parties' respective Final Exhibit Lists at the time those documents are introduced and offered into evidence. Notwithstanding the above agreements regarding authenticity and admissibility, each party reserved the right to object to the way an exhibit already in evidence is used at trial, and the parties remain free to make arguments as to how much or how little weight any exhibit or portion thereof should receive.

---

witness will testify first in response to the FTC's questions and then in response to Defendants' questions, even if the FTC has otherwise rested its case in chief.

[2] Messrs. Staver and Ziegler were party employees at the time of their depositions.

### III.    DISCLOSURE AND USE OF DEPOSITION DESIGNATIONS

#### A.    Nonparty Deposition Designations

The parties previously exchanged nonparty deposition testimony that they plan to introduce in their case in chief. Those deposition designations were submitted to the Court on June 15, 2026. Pursuant to the Court's May 14, 2026 Order, the parties will submit to chambers videos of any designated testimony or useful excerpts thereof. The parties respectfully propose that any videos be submitted to the Court at the same time as Post-Trial Findings of Fact and Conclusions of Law.

#### B.    Party Deposition Designations

The parties agree to exchange, by 5:00 PM Eastern three calendar days following the conclusion of trial, any designations of party witness testimony for witnesses who were deposed but who did not appear live at trial. For purposes of this agreement, party witness testimony includes the deposition testimony of former employees of Defendants.

The parties further agree to exchange, by 5:00 PM Eastern two calendar days thereafter, any counter-designations and objections.

The parties respectfully propose that any designations of party testimony be submitted to the Court at the same time as Post-Trial Findings of Fact and Conclusions of Law.

### IV.    EXCHANGE OF ILLUSTRATIVE AIDS/SUMMARY EXHIBITS

The parties shall exchange any illustrative aid or Rule 1006 Exhibit by 8 PM Eastern two calendar days prior to the date on which the party expects to use the illustrative aid or Rule 1006 Exhibit. Upon receipt of the illustrative aid or Rule 1006 Exhibit, the receiving party shall have until noon the following calendar day to state any objections. The parties shall meet and confer in good faith to attempt to resolve any objections. Any objections the parties fail to resolve shall be promptly submitted to the Court. For the avoidance of doubt, the deadlines above do not apply to an illustrative aid used for opening. If a closing is scheduled, the parties will meet and confer as to related procedures for exchange of illustrative aids or Rule 1006 Exhibits.

### V.    TREATMENT OF CONFIDENTIAL INFORMATION

#### A.    Defendants' Information

Seeking to resolve any confidentiality disputes in a timely manner, Defendants agreed to identify proposed redactions to documentary exhibits on a rolling basis, beginning with exhibits that the FTC had identified as priority and exhibits cited in the June 15 Submissions. Defendants began providing proposed redactions to the FTC on June 25, 2026, and agreed to make best efforts to provide the remaining proposed redactions for all priority exhibits prior to July 7, 2026. The parties are meeting and conferring in good faith to attempt to resolve any disputes concerning appropriate redactions for confidentiality, but anticipate that they may need to seek the Court's guidance on certain issues pertaining to the aforementioned priority exhibits as well as other exhibits that may be used through the proceedings. The parties therefore respectfully propose the following procedures for confidentiality/sealing requests and resolutions of any disputes below:

Joint Proposal on Priority Exhibits:

The FTC will make best efforts to disclose exhibits it may use (and, for voluminous exhibits, the relevant pages or page ranges) during its opening statement and with the witnesses presently anticipated to be called the first day of trial (Ms. Blackwell and Messrs. Jones and Zambataro) and to which the FTC has objections regarding Defendants' proposed redactions, as well as the bases for the FTC's objections, by 8:00 PM Eastern on Tuesday, July 7, 2026. Defendants will make best efforts to provide proposed red-boxed and final redactions[3] by 8:00 PM Eastern on Wednesday, July 8, 2026 (or advise as early in the day as practicable as to any concerns about volume that may require an adjustment to this contemplated schedule), and the parties will meet and confer to discuss any disagreements by noon the following day, Thursday, July 9, 2026. The FTC reserves the right to assert additional objections to confidentiality assertions after Defendants have explained the bases of their proposed redactions. If the parties are unable to reach a resolution, the parties will jointly submit such exhibits to the Court for *in camera* review, accompanied by short submissions not to exceed one paragraph per disputed redaction setting forth each side's position in brief by 10:00 AM Eastern on Friday, July 10, 2026.

Starting for witnesses presently scheduled to be called on or after July 14, 2026, the FTC will make best efforts to disclose the exhibits that the FTC may use (and, for voluminous exhibits, the relevant pages or page ranges) with those witnesses and to which the FTC has objections regarding confidentiality assertions, as well as the bases for those objections, by 9:00 AM Eastern, 48 hours before the day the exhibits will be used. Defendants will make best efforts to provide proposed red-boxed and final redactions to the exhibits by 6:00 PM Eastern that day (or advise as early in the day as practicable as to any concerns about volume that may require an adjustment to this contemplated schedule), and the parties will meet and confer that evening to address any disagreements. The FTC reserves the right to assert additional objections to confidentiality assertions after Defendants have explained the bases of their proposed redactions. If the parties are unable to reach a resolution, the parties will jointly submit such exhibits to the Court for *in camera* review, accompanied by short submissions not to exceed one paragraph per disputed redaction setting forth each side's position in brief by noon the following day.

Joint Proposal on Non-Priority Exhibits: If the FTC determines it will use during the examination of any witness an exhibit that has <u>not</u> been identified by the FTC as a priority exhibit, the FTC will make best efforts to identify those non-priority exhibits by 10:00 AM Eastern two days prior to the expected examination of that witness and, for voluminous exhibits, to identify relevant pages or page ranges. Defendants will make best efforts to provide any proposed redactions to the non-priority exhibit by 8:00 PM Eastern that same day, or 12:00 PM Eastern the following day for voluminous exhibits. The parties will meet and confer in good faith to attempt to resolve any disputes regarding confidentiality and promptly submit any remaining disputes to the Court. If the FTC fails to provide such advance notice (including for exhibits used for impeachment or cross-examination), the FTC agrees to provisionally treat the entire exhibit as confidential, with revisions to be resolved promptly thereafter.

---

[3] Red-box redactions are applied using Adobe software and allow for secure application of final, or "burned-in," redactions.

\* \* \*

The Parties reserve the right to add exhibits as the trial progresses, subject to the other disclosure and review provisions in the Proposed Trial Order. The FTC shall not be precluded from using during witness examinations exhibits not identified pursuant to the foregoing protocols, but the FTC understands those documents may require a closed session in Court if the parties are unable to agree on redactions.

### B.    Nonparty Information

For nonparty information, the FTC has notified all non-parties whose documents and testimony were produced in this litigation of their information, including exhibits and deposition testimony, that it may offer at trial. Those non-parties were directed to identify their position as to which portions of those exhibits and deposition testimony may be made public and which require confidential treatment and sealing under appropriate legal standards.

Defendants do not oppose the requests for confidential treatment that the non-parties have made.

### C.    Treatment of Confidential Information During Trial

During trial, the parties will endeavor to protect from public disclosure any information deemed confidential by Defendants and non-parties by using redacted versions of exhibits on public screens or, in limited cases, requesting to move into sealed session, subject to the Court's preferences.

## VI.    STIPULATION OF FACTS

Pursuant to Judge Failla's Individual Rule 7.A.viii, the parties have stipulated and agreed to the attached Proposed Stipulations or Agreed Statements of Fact or Law to Which All Parties Consent.

\* \* \*

Respectfully submitted,

*/s/ Abby L. Dennis*
Abby L. Dennis
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Phone: (202) 326-2381
Email: adennis@ftc.gov

*Counsel for Federal Trade Commission*

*/s/ David I. Gelfand*
David I. Gelfand
Cleary Gottlieb Steen & Hamilton
2112 Pennsylvania Ave., NW
Washington, D.C. 20037
Phone: (202) 974-1690
Email: dgelfand@cgsh.com

*Counsel for Henkel AG, Henkel of America,
Inc., Henkel US Operations Corp.*

*/s/ Edward W. Duffy*
Edward W. Duffy
Baker Botts LLP
700 K Street NW
Washington, DC 20001
Phone: (202) 639-7700
Email: ed.duffy@bakerbotts.com

*Counsel for AIP, LLC, A-Paint Holding LP,
A-Paint Topco, Inc.*

6